```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NATIONAL PHOTO GROUP, LLC,                      :
                                                :
                          Plaintiff,            :
                                                :
         -v.-                                   :
                                                :
BIGSTAR ENTERTAINMENT, INC.,                    :
                                                :
                          Defendant.            :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/14

**REPORT AND RECOMMENDATION**

13 Civ. 5467 (VSB) (JLC)

**James L. Cott, United States Magistrate Judge.**

**To the Honorable Vernon S. Broderick, United States District Judge:**

Plaintiff National Photo Group, LLC ("NPG") has brought suit alleging that Defendant Bigstar Entertainment, Inc. ("Bigstar") infringed NPG's copyright by reproducing a celebrity photograph without authorization and payment of a licensing fee. Bigstar having failed to answer or otherwise appear in this action, the Court has entered a default judgment and referred the matter to me for an inquest into the appropriate calculation of damages. Upon review of NPG's evidentiary submissions, for the reasons that follow, I recommend that NPG be awarded $9,000 in statutory damages, $5,550 in attorney's fees, and $520 in costs.

## I.   BACKGROUND

### A. Facts[1]

NPG is a California corporation with its principal place of business in Los Angeles. Complaint ("Compl."), ¶ 11. It "provides entertainment-related photojournalism goods and

---

[1]   In light of Bigstar's default, the Court accepts as true all well-pleaded factual allegations included in NPG's complaint, except as to damages. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); accord Roth v. Jennings, No. 03 Civ. 7760 (DAB) (THK), 2009 WL 1440670, at *2 (S.D.N.Y. May 21, 2009).



USDC SDNY
DATE SCANNED 4/11/14

services," licensing its portfolio of celebrity photographs to online and print publications. Id. at ¶¶ 1, 13. NPG either has obtained or is in the midst of applying for U.S. copyright registrations for its various photographs. Id. at ¶¶ 3, 15-18.

Bigstar is a New York corporation with its principal place of business in New York City. Id. at ¶ 12. It owns and operates a website known as www.bigstar.com (the "website"), which provides articles, photographs, and other information concerning celebrities. Id. at ¶¶ 4, 20-21. The website features paid advertisements from which Bigstar derives profits. Id. at ¶ 22.

Among NPG's catalogue of photographs is one of Claire Danes with her infant son (the "photograph"), taken on January 14, 2013 in Los Angeles. See Exhibit 1, attached to Compl.; Plaintiff's Proposed Conclusions of Law ("Pl. Concl."), ¶ 1; Affidavit of Ben Evanstad dated January 6, 2014 ("Evanstad Aff.") (Dkt. No. 26), ¶ 3. NPG registered the photograph with the U.S. Copyright Office on March 7, 2013 and was assigned Copyright Registration Number VA0001851622. Pl. Concl., ¶ 1; Evanstad Aff., ¶ 3. The licensing fee for use of the photograph is $3,000. Pl. Concl., ¶ 3; Evanstad Aff., ¶ 3. However, without obtaining a license, Bigstar appropriated and re-posted the photograph on its website at some point on or before July 16, 2013. Compl., ¶¶ 23-24; see Exhibit 1.[2]

### B. Procedural History

NPG filed its complaint on August 5, 2013. (Dkt. No. 1). The complaint and summons were served on Bigstar on September 26, 2013 and proof of service filed with the Court on October 8, 2013 (Dkt. No. 3). Bigstar did not file an answer or otherwise respond to the

---

[2] Exhibit 1 to the complaint includes what appears to be a screenshot from the website depicting the photograph underneath the headline, "Claire Danes Jets Away With Baby Boy Cyrus – And We Get Our First Look at Him!" Text below the screenshot indicates an "Observed Date" for the website of July 16, 2013. A URL is also provided, http://bigstar.com/news/333027-claire-danes-jets-away-with-ba?original=false, but was not functional upon the Court's attempt to access it on April 11, 2014.

2

complaint. Consequently, on October 23, 2013, the Clerk of Court issued a Certificate of Default to NPG, upon the latter's certification that it had served Bigstar with its request for a default. (Dkt. Nos. 6, 7). On November 25, 2013, the Court issued an Order of Entry of Default against Bigstar (Dkt. No. 17) and an Order of Reference to the undersigned for an inquest into damages (Dkt. No. 18). NPG submitted its Proposed Findings of Fact ("Pl. Facts") and Conclusions of Law, exhibits, and affidavits in support of its damages calculation on January 6, 2014. (Dkt. Nos. 20-23). Bigstar has not filed any response.

## II.   DISCUSSION

### A. Default Judgment and Liability

"A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995) (quoting Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973)). In the event of a default, "a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, in contrast to allegations concerning liability, allegations pertaining to damages are not deemed admitted. See id.; Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Instead, a plaintiff must submit sufficient evidence, in the form of detailed affidavits and other documentary materials, see Fed. R. Civ. P. 55(b)(2), to enable the district court to "establish damages with reasonable certainty," Transatlantic Marine Claims Agency, 109 F.3d 105, 111 (2d Cir. 1997). If the record is sufficient in this regard, an evidentiary hearing is not necessary. See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. &

Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012); Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991).

By virtue of its default, Bigstar has conceded liability as to the allegations set forth in the complaint, which adequately plead a valid cause of action. See Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas, 509 F. App'x 54, 56 (2d Cir. 2013) (defaulting defendant's liability depends on whether "allegations are sufficient to state a cause of action"). "To prevail on a claim of copyright infringement, a plaintiff must show both ownership of a valid copyright and copying" of a protected work without authorization. Knickerbocker Toy Co., Inc. v. Azrak-Hamway Int'l., Inc., 668 F.2d 699, 702 (2d Cir. 1982) (citation omitted); accord Davis v. Blige, 505 F.3d 90, 98 (2d Cir. 2007) (citing 17 U.S.C. § 501(b)). Having adequately alleged its ownership of a valid copyrighted photograph and Bigstar's unauthorized use of it, Compl., ¶¶ 19, 23, NPG has established Bigstar's liability as a matter of law.

Therefore, the only issue that remains is whether NPG has presented adequate support for the relief it seeks. See, e.g., EMI April Music Inc. v. 4MM Games, LLC, No. 12 Civ. 2080 (DLC) (JLC), 2014 WL 325933, at *3 (S.D.N.Y. Jan. 13, 2014), Report and Recommendation, adopted by Order dated April 7, 2014 (Dkt. No. 73). Because NPG has also met this burden, the Court finds that NPG's documentary submissions constitute a "sufficient basis from which to evaluate the fairness" of that request, and a hearing is unnecessary. Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989).

## B. Damages

### 1. Standards

Under Section 504 of the Copyright Act, a copyright owner is entitled to either actual damages caused by infringement, including any profits gained by an infringer, or statutory

4

damages. 17 U.S.C. § 504(a). An award under the latter category may be imposed in the amount "of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). That award may be increased to up to $150,000 per work in a case of willful infringement. 17 U.S.C. § 504(c)(2). "Statutory damages are available without proof of plaintiff's actual damages, and are useful in cases where proof of actual damages or profits is insufficient." EMI April Music, 2014 WL 325933, at *3 (quoting Lucerne Textiles, Inc. v. H.C.T. Textiles Co., No. 12 Civ. 5456 (KMW) (AJP), 2013 WL 174226, at *2 (S.D.N.Y. Jan. 17, 2013), Report & Recommendation, adopted by 2013 WL 1234911 (S.D.N.Y. Mar 26, 2013)) (internal quotation marks omitted). They both compensate the plaintiff for her injury and discourage future infringement. See e.g., Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp., 749 F. Supp. 2d 81, 87 (E.D.N.Y. 2010) (citing Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 113-14 (2d Cir. 2001)).

District courts enjoy wide discretion in fashioning an award of statutory damages. See Bryant v. Media Right Prods., Inc., 603 F.3d 135, 143 (2d Cir. 2010). They weigh: "(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." Lucerne Textiles, 2013 WL 174226, at *3 (citing cases). See generally Bryant, 603 F.3d at 144.

2. **Application**

NPG seeks $9,000 in statutory damages, or three times the photograph's licensing fee. Pl. Concl., ¶¶ 3-4. The co-owner of NPG has attested that fee is $3,000, the copyright value lost

as a result of the infringement (factor three). Evanstad Aff., ¶ 3. In light of Bigstar's default, several of the other factors weigh in favor of NPG's application. First, because Bigstar has failed to appear and provide the necessary records (factor six), it is impossible to ascertain the profits reaped by Bigstar (factor one) and, by extension, the revenues lost by NPG (factor two), as a result of the infringement. See EMI April Music, 2014 WL 325933, at *5. Second, as to NPG's allegation that Bigstar knowingly made unauthorized use of the photograph (factor five), Compl., ¶ 26, such willfulness is assumed by "virtue of . . . default." CJ Prods. LLC v. Your Store Online LLC, No. 11 Civ. 9513 (GBD) (AJP), 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012) (citing cases), Report & Recommendation, adopted by 2012 WL 4714820 (S.D.N.Y. Oct. 3, 2012). See, e.g., Dweck v. Amadi, No. 10 Civ. 2577 (RMB) (HBP), 2011 WL 3809907, at *4 (S.D.N.Y. July 26, 2011) ("Where, as here, the defendant has defaulted, [plaintiff's] allegations of willfulness can be taken as true.") (citing cases), Report & Recommendation, adopted by 2011 WL 3809891 (S.D.N.Y. Aug. 29, 2011).

Additionally, a desired deterrent effect on both Bigstar (factor seven) and other potential infringers (factor four) also weighs in favor of the award sought. "[A] statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others." CJ Prods. LLC, 2012 WL 2856068, at *3 (quoting Malletier v. Carducci Leather Fashions, Inc., 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009)) (internal quotation marks omitted). See also Louis Vuitton Malletier, S.A. v. LY USA, No. 06 Civ. 13463 (AKH), 2008 WL 5637161 at *2 (S.D.N.Y. Oct. 3, 2008) ("[T]he goal of deterring similar conduct by other enterprises requires a substantial award."); Arista Records LLC v. Usenet.com, Inc., No. 07 Civ. 8822 (HB) (THK), 2010 WL 3629688, at *6 (S.D.N.Y. Feb. 2, 2010) ("[T]he Court must consider the deterrent effect on both other potential infringers as well

[as] Defendants themselves."), Report & Recommendation, adopted by 2010 WL 3629587 (S.D.N.Y. Sept. 16, 2010).

Finally, trebling the licensing fee, the calculation of damages sought by NPG, is in line with the general approach taken by courts. See, generally, Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp., 749 F. Supp. 2d 81, 87 (E.D.N.Y. 2010) "[C]ourts have awarded statutory damages of more than double the amount of unpaid licensing fees, especially in circumstances where the infringement was not innocent."); Broad. Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656, 660 (S.D.N.Y. 1996) ("[A] statutory damage award should significantly exceed the amount of unpaid license fees"); Sailor Music v. IML Corp., 867 F. Supp. 565, 570 (E.D. Mich. 1994) ("Survey of statutory awards throughout the country . . . [indicates] courts typically award three times the amount of a properly purchased license for each infringement."). "[D]ealing with the deliberate infringement at issue here," established by Bigstar's default, statutory damages of three times the amount that would have been paid as the licensing fee are reasonable. Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp., 749 F. Supp. 2d 81, 87 (E.D.N.Y. 2010) (approving award of just under three times the licensing fees and collecting similar cases). Consequently, NPG should be awarded statutory damages of $9,000, three times the $3,000 licensing fee.

## C. Attorney's Fees

### 1. Standards

A prevailing party in a copyright action may recover its full costs, including reasonable attorney's fees. 17 U.S.C. § 505. Recovery of fees is proper provided the underlying claims are objectively reasonable, see Matthew Bender & Co., Inc. v. W. Pub. Co., 240 F.3d 116, 121-22 (2d Cir. 2001), and an award would be faithful to the purposes of the Copyright Act, see Fogerty

v. Fantasy, Inc., 510 U.S. 517, 534 (1994). Inquiry into the reasonableness of attorney's fees centers on the lodestar, or "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R., 658 F.3d 154, 166 (2d Cir. 2011) (the lodestar creates a "presumptively reasonable fee") (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008)); see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553 (2010).

"The reasonable hourly rate is the rate a paying client would be willing to pay," with the understanding that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. To determine whether an hourly rate is reasonable, the court compares it to prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)); see, e.g., Reiter v. MTA New York City Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006). The court looks to the prevailing community rates in the district in which it sits. See Reiter, 457 F.3d at 232. To determine whether the number of hours claimed is reasonable, the court considers if "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez. 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted). Courts have broad discretion in fashioning an award of fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

2. Application

a. Reasonable Hourly Rates

NPG seeks $5,650 in attorney's fees for the work of two attorneys at Sanders Law, PLLC, Craig B. Sanders and Jonathan J. Arzt. See Pl. Facts, ¶¶ 10-11; Billing Statement, attached as Exhibit 4 to Pl. Facts and Pl. Concl. ("Billing Statement"); Affidavit of Craig B.

8

Sanders dated Jan. 6, 2014 ("Sanders Aff.") (Dkt. No. 25). Because Bigstar has conceded liability for a willful copyright infringement, there is no doubt that an award of fees would be in line with the purposes of the Copyright Act. See, e.g., All-Star Mktg. Grp. v. Media Brands Co., 775 F. Supp. 2d 613, 628 (S.D.N.Y. 2011) (granting attorney's fees where defendant defaulted in copyright infringement case).

Sanders PLLC specializes, inter alia, in copyright infringement actions. Sanders Aff., ¶ 16. Sanders, a partner at the firm, attests that he has been admitted to practice in New York since 1994 and is a member of the bar of several states, having primarily been involved in civil litigation matters at the trial and appellate levels. Id., at ¶¶ 12, 14. He seeks an award at an hourly rate of $525, id. at ¶ 19, which is acceptable given his 20 years of experience. See, e.g., Ritchie v. Gano, 756 F. Supp. 2d 581, 583-84 (S.D.N.Y. 2010) (award of $475-$525 for partners with twenty years of experience in copyright action reasonable in light of normal district rates) (citing Diplomatic Man, Inc. v. Brown, No. 05 Civ. 9069, 2007 WL 2827125, at *2 (S.D.N.Y. Sept. 28, 2007) ($440 per hour rate for New York partners); Diplomatic Man, Inc.. v. Nike, Inc., No. 08 Civ. 139, 2009 WL 935674, at *5 (S.D.N.Y. April 7, 2009) ($650 per hour rate)).

Artz, an associate at the firm, was admitted to practice in New York in 1998 and seeks an hourly billing rate of $400. Sanders Aff., ¶ 15. Because no detail as to Artz's specialization or experience in copyright litigation is provided, nor any authority justifying such a rate, despite his 16 years of experience, the Court finds that a rate of $300 an hour is more appropriate. Compare Dweck, 2012 WL 3020029, at *4 (approving $250 rate for intellectual property attorney where no background information provided), Report and Recommendation, adopted by 2012 WL 3024185 (S.D.N.Y. July 24, 2012) and Malletier v. Artex Creative Int'l Corp., 687 F. Supp. 2d 347, 361 (S.D.N.Y. 2010) (describing $390 rate as "at the very top of the spectrum" for

9

associates, even one demonstrably a specialist in intellectual property). See also Cheesecake Factory Assets Co. LLC v. Philadelphia Cheese Steak Factory Inc., No. 05 Civ 3243 (NGG) (RML), 2008 WL 2510601, at *5 (E.D.N.Y. June 20, 2008) ("[R]ecent case law in this circuit has not approved rates over $300 per hour for associates.").

### b. Reasonable Hours Expended

The Court finds that the number of hours for which NPG seeks an award of fees is reasonable. Sanders has billed for ten hours of work and Artiz for one, ranging from client intake, initiating the case, and preparing default judgment papers – relatively modest totals reflective of a simple and straightforward action. See Billing Statement. The documentation submitted by Sanders PLLC appears to be adequate, reflecting contemporaneous record-keeping with the requisite details about the work done. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). There are no entries that are "excessive, redundant or otherwise unnecessary." Hensley, 461 U.S. at 434. The Court therefore finds this aspect of NPG's application for fees reasonable and, adjusting for the lower hourly rate suggested for Artz, recommends that an award of attorney's fees in the amount of $5,550 be granted.

### D. Costs

Finally, NPG requests costs in the amount of $570, $400 for filing the case and $170 for service of process. Pl. Facts, ¶ 12. Although documentation would have been preferable, the Court accepts Sanders' attestation as to the cost of service. Sanders Aff., ¶ 22; cf. De Alvarez v. City of New York, No. 10 Civ. 4434 (SJ) (LB), 2012 WL 2087761, at *3 (E.D.N.Y. May 16, 2012) (costs denied where not even sworn statement submitted), Report and Recommendation, adopted sub nom. by Alvarez v. City of New York, 2012 WL 2087759 (E.D.N.Y. June 8, 2012).

10

However, the Court notes that the docket reflects a receipt was issued for a filing fee payment of $350, not $400. See Dkt. No. 1. Therefore, costs should be awarded for $520, not $570.

### III. CONCLUSION

For the foregoing reasons, I recommend that NPG be granted a judgment of $9,000 in statutory damages, $5,550 in attorney's fees, and $520 in costs.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Vernon S. Broderick, United States Courthouse, 40 Foley Square, New York, New York 10007, and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Broderick.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: April 11, 2014
      New York, New York

JAMES L. COTT
United States Magistrate Judge